**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION**

| | |
|---|---|
| Willie Lee Hagood, | ) |
| | ) Civil Action No.: 8:18-cv-01444-JMC |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| Devin Dow, Probation Officer, David Cantrell, Esq., Daniel Graham Buckner, | ) |
| | ) |
| Defendants. | ) |

Before the court for review is the Magistrate Judge's Report and Recommendation ("Report"), recommending summary dismissal of Plaintiff Willie Lee Hagood's ("Plaintiff") § 1983 action without prejudice and without issuance and service of process. (ECF No. 21 at 10.) For the reasons stated herein, the court **ACCEPTS** the Magistrate Judge's Report and **DISMISSES** Plaintiff's § 1983 action.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (*Id.* at 1–3.) As brief background, on May 25, 2018, Plaintiff, proceeding pro se and in forma pauperis, filed the instant § 1983 action. (ECF No. 1–2.) Plaintiff asserts his "brother devised [a] plot to have [Plaintiff] fail [his] community supervision" and that as a result, Plaintiff was "wrongfully charged with assault and battery [in the] first degree." (*Id.* at 5.) Plaintiff alleges violations of his due process rights and rights to a jury trial. (*Id.* at 4.) As to Defendant Solicitor Daniel Graham Buckner, Plaintiff alleges "vindictive prosecution" and "prejudice." (*Id.*) As to Defendant Probation Officer Devin Dow, Plaintiff alleges slander,

1

defamation, and harassment. (*Id.*) As to Defendant David Cantrell, Esq., Plaintiff's trial counsel, he alleges ineffective assistance of counsel and "cohesions to obtain a guilty plea." (*Id.*)

On August 20, 2018, the Magistrate Judge entered his Report. (ECF No. 21.) First, "under a liberal construction," the Magistrate Judge found Plaintiff was "attempting to allege claims of false arrest and malicious prosecution under § 1983." (*Id.* at 4.) As to Plaintiff's false arrest claims, the Magistrate Judge found that based on public records, "Plaintiff was arrested pursuant to a facially valid warrant, any false arrest claims should be dismissed." (*Id.* at 5.) The Report recommends dismissal of Plaintiff's malicious prosecution claims because, "Plaintiff has not shown that the charges connected to his allegations have been favorably terminated . . . ." (*Id.* at 6.)

The Magistrate Judge also found that Plaintiff advanced a Fourth Amendment claim. (*Id.* at 6.) As to this claim, the Magistrate Judge, relying on *Younger v. Harris*, 401 U.S. 37 (1971), found that, "Plaintiff should be able to raise his federal constitutional rights in the state proceedings. Therefore, to the extent Plaintiff seeks the court to interfere with the pending state proceedings against him, this [c]ourt should abstain from hearing this action." (*Id.* at 7.) As to Plaintiff's ineffective assistance of counsel claims, the Magistrate Judge found Defendant Cantrell was not amenable to suit under § 1983 because defense attorneys do not act under color of state law, which is required for a § 1983 claim. (*Id.* at 8.) As to Plaintiff's claim against Defendant Solicitor Buckner, the Magistrate Judge found that because prosecutors have absolute immunity from suit under § 1983 when acting within the scope of their official duties, Defendant Buckner was entitled to immunity because Plaintiff's allegations involved actions by Defendant Buckner within the scope of his official duties. (*Id.* at 8.) Finally, the Magistrate Judge found Defendant's suit was barred by the Eleventh Amendment because Plaintiff sued all Defendants in their official

capacities for monetary damages. (*Id.* at 8–9.) The Magistrate Judge also noted that Plaintiff failed to allege any injuries and that proof of a specific injury, resulting from a defendant's specific conduct, is required to advance a § 1983 claim. (*Id.* at 9.)

On September 10, 2018, Plaintiff filed Objections to Report and Recommendation. (ECF No. 23.) Plaintiff objects to (1) "the recommendations [t]o summarily dismiss [t]hese actions or the service of process," (*id.* at 1); (2) the construction of his Complaint as stating a claim for false arrest,[1] (*id.* at 2); (3) to the Report's recommendation that the court abstain from hearing this action (*id*); (4) "[t]o any, and [a]ll, implications stating that Plaintiff is involved in ongoing state proceedings," (*id*); (5) "to D[efendant] Cantrell [not] being amenable to suit under a 1983 claim and that he's entitled to summary dismissal," (*id.* at 4); and to the Report's recommendation that the court "decline to exercise supplemental jurisdiction" over Plaintiff's state law claims against Defendant Dow., (*id.* at 5).

Additionally, Plaintiff asserts the court should "interfere with the [s]tate [c]ourt [p]roceedings [d]ue to extraordinary circumstances." (*Id.* at 1.) The extraordinary circumstances Plaintiff identifies are a restatement of the facts alleged in his Complaint (ECF No. 1), but also include facts not included in his original Complaint. (*Id.* at 1–2.) Plaintiff also argues that, "Whether D[efendant] Buckner was acting in his prosecutorial role, or [n]ot, he was in error [t]o use an old [t]wenty[-]year old [n]olle prose charge, or dismissed charge, [t]o impeach" Plaintiff. (*Id.* at 4.) Plaintiff asserts Defendants cannot be acting in their official capacity if they are being "bias [or] crooked." (*Id.* at 4.) Finally, Plaintiff also requests to "change" and sue the parties in their individual capacities. (*Id.* at 4–5.)

---

[1] Plaintiff also asserts the Report correctly construed his complaint as stating a malicious prosecution claim. (ECF No. 23 at 2.)

3

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making de novo determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Objections to a Report and Recommendation must identify specific findings of the Report and state the basis for objecting to those findings. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file a *specific*, written objection to a Report will result in a waiver of the right to appeal from an order based upon a Report. 28 U.S.C § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 845–47 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If a party fails to properly object because the objection lacks the requisite specificity, then de novo review by the court is not required. *See Suttles v. Chater*, No. 96-2138, 1997 WL 76900, at *1 (4th Cir. Feb. 25, 1997) (holding that "general, non-specific objections" are not sufficient when

objecting to a magistrate judge's recommendation) (citing *Howard v. Secretary*, 932 F.2d 505, 508-09 (6th Cir. 1991); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1985)).

The court is required to interpret pro se documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, pro se documents must be construed in a manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997).

### III. DISCUSSION

The Magistrate Judge's Report, entered on August 20, 2018—and mailed to Plaintiff on the same day—advised Plaintiff that any objections to the Report had to be filed by September 4, 2018. (ECF No. 21 at 11.) Because the Report was delivered to Plaintiff by mail, under Rule 5(d) of the Federal Rules of Civil Procedure, Plaintiff had an additional three days to file any objections. (*See* ECF No. 21.) Thus, any objections by Plaintiff were due by September 7, 2018. Plaintiff's Objections were received by the Clerk of Court for the United States District Court of South Carolina on September 10, 2018. (ECF No. 23.) However, because Plaintiff is a detainee at the Picken's County Law Enforcement Center, pursuant to the "prison mailbox rule" under *Houston v. Lack*, 487 U.S. 266, 276 (1988), his Objections were considered filed on the date they were delivered to the authorities of the jail for forwarding to the clerk of court. Nothing in Plaintiff's Objections, or on the envelope in which his Objections were mailed, indicates when it was received by authorities at the Pickens County Law Enforcement Center for mailing to the District Court. (*See* ECF Nos. 23, 23-1.) However, in the Certificate of Service accompanying Plaintiff's Objections, Plaintiff certifies that he deposited a copy of his Objections in the mail with prepaid

postage on September 6, 2018. (ECF No. 23 at 7.) Accordingly, the court finds Plaintiff's Objections were timely filed. *See Buxton v. Ballard*, No. 3:16-CV-04489, 2017 WL 1538163, at *2 (S.D.W. Va. Apr. 4, 2017), *report and recommendation adopted*, No. CV 3:16-4489, 2017 WL 1536448 (S.D. W. Va. Apr. 26, 2017) ("Pursuant to the 'prison mailbox rule,' the undersigned applies the date on Petitioner's certificate of service as opposed to the date that the clerk of court received his petition. (ECF No. 2 at 68); *United States v. McNeill*, 523 F. App'x 979, 981 (4th Cir. 2013) ('pro se litigant's legal papers are considered filed upon 'delivery to prison authorities, not receipt by the clerk.')."); *Williams v. Smith*, No. 1:07-CV-00828, 2013 WL 12123240, at *1, *1 n.1 (M.D.N.C. Apr. 3, 2013) (finding a petitioner's notice of appeal timely filed based on the attached certificate of service).

Liberally construing Plaintiff's Objections, the court finds the only objection that points the court to a specific error in the Magistrate Judge's Report is Plaintiff's argument that Defendant Solicitor Buckner could not be acting in his official capacity if he was being "bias [or] crooked." (ECF No. 23 at 4.) However, prosecutors are *absolutely* immune from suit under § 1983 for malicious prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 427–28 (1976) ("We conclude that the considerations outlined above dictate the same absolute immunity under [§] 1983 that the prosecutor enjoys at common law. . . . from actions for malicious prosecution.") Therefore, as the Magistrate Judge found, Plaintiff cannot, under § 1983, sue Defendant Solicitor Buckner for malicious prosecution. *See id.*[2]

---

[2] In *Imbler*, the United States Supreme Court advised that its holding that prosecutors are absolutely immune from suit under § 1983 for malicious prosecution "does not leave the public powerless to deter misconduct or to punish that which occurs." 424 U.S. at 429. The Court suggested criminal liability and professional discipline "undermine the argument that the imposition of civil liability is the only way to insure that prosecutors are mindful of the constitutional rights of persons accused of crime." *Id.*

The remainder of Plaintiff's objections and arguments are general in nature. (*See* ECF No. 23.) While Plaintiff states that he "objects" to the Magistrate Judge's findings and recommendations, he does "not direct the court to . . . specific error[s] in the [M]agistrate's proposed findings and recommendation," *Orpiano*, 687 F.2d at 47, making de novo review "unnecessary." *Green v. Rubenstein*, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing *Orpiano*, 687 F.2d at 47). *See also Orpiano*, 687 F.2d at 47 ("Courts have also held de novo review to be unnecessary in analogous situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."); *Williams v. N.Y. State Div. of Parole*, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012) ("When only a general objection is made to a portion of a magistrate judge's report-recommendation, the [c]ourt subjects that portion of the report-recommendation to only a clear error review."). The court is satisfied "that there is no clear error on the face of the record," *Diamond*, 416 F.3d at 316 (quoting Fed. R. Civ. P. 72 advisory committee's note), and therefore accepts the Magistrate Judge's Report.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court finds there is no clear error and **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 21) and **DISMISSES** Plaintiff's Complaint (ECF Nos. 1, 1-2) without prejudice and without issuance of service of process.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

November 2, 2018
Columbia, South Carolina